# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF VIRGINIA
# ALEXANDRIA DIVISION

| | |
|---|---|
| **IN RE APPLICATION OF RIVADA NETWORKS PURSUANT TO 28 U.S.C. § 1782 TO CONDUCT DISCOVERY FOR USE IN A FOREIGN PROCEEDING,**  **Petitioner.** | Misc. Case No. 17-mc-00001-TSE-TCB |

### SECOND RESPONSE OF DELOITTE CONSULTING LLP TO RIVADA NETWORKS' *EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO CONDUCT DISCOVERY FOR USE IN FOREIGN PROCEEDINGS

As directed by the Court during the hearing on January 19, 2017, non-party Deloitte Consulting LLP ("Deloitte") respectfully submits this Second Response to Rivada Networks' *Ex Parte* Application for an Order Pursuant to 28 § 1782 to Conduct Discovery for Use in Foreign Proceedings ("Application").[1]

## SUMMARY

Rivada sought permission from this Court to serve a document subpoena on Deloitte. The documents listed in the subpoena relate to Deloitte's work for the Secretariat of Communications and Transportation for Mexico ("SCT").  Deloitte takes no position on whether this Court should grant the Application.  However, the contract governing Deloitte's work for SCT contains a confidentiality provision and a provision governing "ownership" of the documents sought.  SCT has informed Deloitte that, in its view, these provisions prohibit

---

[1] The hearing was held in a related matter pending before this Court (*In re* Ex Parte *Application of Rivada Networks for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for use in Foreign Proceedings*, Case No. 1:16-mc-00024-TSE-TCB (EDVA)).  During the hearing, the Court provided "10 days for the counsel for Deloitte to let us know whether there's any objection to the subpoena that I'm probably going to issue shortly."  Thus, although Deloitte has not yet received the subpoena at issue, it hereby files this Second Response.

Deloitte from producing the documents sought in the subpoena. Deloitte has asked SCT whether it intends to take some action in this proceeding to advance that argument; SCT has responded that is considering its options.

## FACTUAL BACKGROUND

In 2015, SCT hired Deloitte Consulting Group Mexico ("Deloitte Mexico," which is a separate company from Deloitte) to perform work on a project known as Red Compartida. That work was governed by a contract between Deloitte Mexico and SCT. Deloitte Mexico entered into a subcontractor agreement with Deloitte, and Deloitte professionals in the United States worked on the project. Deloitte prepared a set of final deliverables (sought by the subpoena) and provided them to SCT.

Rivada's proposed subpoena to Deloitte seeks two categories of documents:

1. The final deliverables to SCT of Deloitte Consulting's Red Compartida-related contract; and

2. Documents sufficient to establish the terms of reference of the contract between SCT and Deloitte Consulting.

The agreement between SCT and Deloitte Mexico contains two provisions that, according to SCT, prohibit Deloitte from producing both categories of documents.

*First*, the contract contains a broad confidentiality provision that precludes Deloitte Mexico (or its subcontractor, Deloitte) from disclosing any of the information they learned or developed while on the project, and any documents that Deloitte prepared for SCT as part of its work. *See* Declaration of Meredith Moss, attached as Exhibit A ("Moss Dec."), ¶ 2. The confidentiality provision contains no explicit carve-out for a validly-issued subpoena. The confidentiality provision also prohibits Deloitte from disclosing the contract or its contents, including the specifics of the confidentiality provision itself. *Id.*

Thus, on January 25, 2017, Deloitte contacted SCT by letter to determine whether it would object to Deloitte producing documents in response to Rivada's subpoena, if the Court grants the Application and Rivada then serves the subpoena. *See* Moss Dec., Exhibit 1 at 2. Deloitte also asked SCT whether the documents could be produced in redacted form to address any confidentiality concerns SCT's might have, and if so, what redactions SCT would propose. *Id.*

SCT responded that "SCT's position has been and continues to be that the Contract and 'deliverables' and other related documents (collectively, the 'Confidential Records') are confidential and may not be disclosed to anyone." *See* Moss Dec., Exhibit 2 at 1. More specifically, SCT stated that:

- "SCT does not consent to the production of the Confidential Records sought by Rivada's anticipated subpoena;"
- "SCT does not consent to the production of the Confidential Records to any third-party, including Altan;" and
- "SCT does not consent to the disclosure of the Confidential Records in redacted form."

Moss Dec., Exhibit 2 at 1-2.

*Second,* the contract contains a provision regarding ownership of the work product that Deloitte generated during its work on the project. In its January 25, 2017 letter, Deloitte also asked SCT whether it contended that it alone owns the documents sought by the subpoena, and if so, whether SCT planned to take steps in this proceeding to assert that ownership interest. *See* Moss Dec., Exhibit 1 at 2.

SCT responded that "[a]lthough copies of the Confidential Records may be in Deloitte's possession, such documents are the exclusive property of SCT. SCT does not authorize their disclosure to anyone." Moss Dec., Exhibit 2 at 1. SCT stated that its position is that "[SCT] exclusively owns the Confidential Records," and that "SCT is still evaluating its procedural options with respect to the above-referenced proceedings." Moss Dec., Exhibit 2 at 2.

Finally, in addition to SCT's stance on the confidentiality and ownership provisions of the contract, SCT has made Deloitte aware of a recent decision by a Mexican court. As this Court is aware from the Application, Rivada is seeking documents for use in a Mexican court proceeding. Both categories of documents in Rivada's subpoena to Deloitte are in SCT's possession: the final deliverables, by definition, were delivered to SCT, and SCT has a copy of the contract it signed with Deloitte Mexico. With its response to Deloitte's letter, SCT provided Deloitte with a copy of a decision issued by the Mexican court that SCT's counsel characterized as "dispositive." Moss Dec., Exhibit 2 at 2. SCT's counsel stated that "at the core of Rivada's application for assistance, is the presumption that the Mexican court would use the Confidential Records in such foreign proceeding. The Mexican court has now confirmed that it will not." *Id.* at 3. A copy of the decision (in Spanish) of the Mexican court is attached as Exhibit 3 to the Moss Declaration.

## ARGUMENT

If the Application is granted, and Rivada serves the subpoena on Deloitte, Deloitte will respond by serving reasonable objections to the subpoena, principally on the two bases described here, in accordance with Federal Rule of Civil Procedure 45. The subpoena would put Deloitte between the proverbial rock and hard place because it would seek disclosure of materials that are

3

subject to a broad contractual confidentiality provision and because SCT does not consent to their production.

SCT is aware of this proceeding.  Deloitte provided SCT with a copy of the Application and supporting documents (which included the proposed subpoena) on January 18, 2017, immediately after counsel for Rivada provided them to Deloitte.  Counsel for SCT appeared at the hearing on January 19, 2017.  SCT responded to Deloitte's letter in which Deloitte asked various questions, as described above.  SCT has not informed Deloitte about whether SCT will take steps, such as moving to quash the subpoena, to enforce its positions on the confidentiality and ownership provisions of the contract.

## CONCLUSION

In sum, Deloitte takes no position on whether the Court should grant the Application.  If the Application is granted, and Rivada serves the subpoena, Deloitte will serve objections principally based on the contractual provisions described here, and will abide by any orders issued by this Court.

Dated: January 30, 2017
       Washington, D.C.

                                    KING & SPALDING LLP

                                    /s/
                                  Edmund Power
                                  VSB No. 65841
                                  Meredith Moss, *pro hac vice pending*
                                  Attorneys for Deloitte Consulting LLP
                                  King & Spalding LLP
                                  1700 Pennsylvania Ave, NW
                                  Suite 200
                                  Washington, D.C.  20006
                                  Tel:  (202) 626-5448
                                  Fax:  (202) 626-3737
                                  Email:  EPower@kslaw.com
                                  Email:  MMoss@kslaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 30, 2017, I will electronically file the foregoing with the Clerk Of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Elizabeth A. Scully, Esq.
Baker & Hostetler LLP
1050 Connecticut Avenue
NW, Suite 1100
Washington, D.C. 20036-5304
(202) 861-1500 (t)
(202) 861-1783 (f)
escully@bakerlaw.com

And I hereby certify that I will serve a copy of the document via FedEx and email upon the following non-filing user:

John W. Moscow, Esq.
Baker & Hostetler LLP
45 Rockefeller Plaza
New York, NY 10111
(212) 589-4200 (t)
(212) 589-4201 (f)
jmoscow@bakerlaw.com

       /s/
Edmund Power
VSB No. 65841
Attorney for Deloitte Consulting LLP
King & Spalding LLP
1700 Pennsylvania Ave, NW
Suite 200
Washington, D.C.  20006
Tel:  (202) 626-5448
Fax:  (202) 626-3737
Email:  EPower@kslaw.com